UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br><br>Plaintiff,<br><br>v.<br><br>ANALEAH GONSHOROWSKI,<br><br>Defendant. | No. 2:25-cv-01159-DAD-SCR<br><br>FINDINGS AND RECOMMENDATION |

Defendant Analeah Gonshorowski is proceeding in this action pro se, which is referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). On April 21, 2025, Defendant commenced this action by filing a notice of removal of a criminal action from the Yuba County Superior Court and filing a motion to proceed in forma pauperis ("IFP"). ECF Nos. 1 & 2. It appears from the notice of removal that Defendant seeks to improperly remove a state court criminal proceeding that was filed in 2022. The undersigned recommends that this action be remanded to state court.

The motion to proceed IFP avers that Plaintiff is unable to pay the costs of these proceedings. However, as the undersigned recommends this action be summarily remanded, the undersigned will also recommend that the motion to proceed IFP be denied as moot.

1

### I.    Procedural History and Defendant's Prior Actions

The Court takes judicial notice that the state court criminal action Defendant seeks to remove, *People v. Gonshorowski*, CRF22-00973-02 (Yuba Cty. Sup. Ct.), was filed on May 9, 2022.[1]  The arraignment was originally scheduled for August 3, 2022.  Defendant has previously attempted to remove this case to federal court on two occasions.  Defendant first filed a notice of removal on January 9, 2023, in Case No. **2:23-cv-00033-TLN-DB**.  On April 25, 2023, Magistrate Judge Barnes issued an order to show cause why the action should not be remanded.  ECF No. 4.  Gonshorowski filed a response, and Judge Barnes then issued Findings and Recommendations ("F&R") that the action be remanded on November 27, 2023.  ECF No. 7.  Judge Nunley adopted the F&R and remanded the action on March 19, 2024.  ECF No. 8.

While that action was pending, Defendant filed a second notice of removal on January 24, 2023, in Case No. **2:23-cv-00145-TLN-AC**. On April 27, 2023, Magistrate Judge Claire issued an F&R recommending dismissal of the action with prejudice.  ECF No. 6.  The plain language pro se summary portion of the F&R stated: "The magistrate judge recommends that this case be dismissed with prejudice because you cannot 'remove' a state criminal prosecution to federal court.  You also cannot sue in federal court to stop a state criminal prosecution." ECF No. 6 at 5.  The F&R also explained that in "rare" instances a state criminal action could be removed under 28 U.S.C. § 1443.  *Id*. at 3.  However, in order to do so, two criteria must be satisfied: 1) the party seeking removal must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights; and 2) that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or constitutional provision.  *Id*., citing *People of the State of California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).  The F&R advised Gonshorowski that she did not meet this criteria: "Nothing in the notice of removal or its attachments suggests that she is defending her state case on grounds of an explicit federal statutory enactment protecting equal racial civil rights, or that the state court is refusing to enforce such rights." *Id.* at 3-4.  Judge Nunley adopted the F&R and dismissed the

---

[1] The docket sheet is publicly available on the Yuba County Superior Court's website, at Online Case Access | Superior Court of California | County of Yuba

1 action. ECF No. 9. Gonshorowski appealed to the Ninth Circuit, which summarily affirmed on April 25, 2024. ECF No. 14.

Now, approximately one year after the Ninth Circuit summarily affirmed the dismissal of her improper removal, Gonshorowski again seeks to remove the state court criminal proceeding.

## II.    The Notice of Removal

The instant Notice of Removal ("Notice") (ECF No. 1) cites to several federal statutes, including 28 U.S.C. § 1443. However, once again Defendant does not assert any of the required criteria for removal under § 1443. *See Sandoval*, 434 F.2d at 636. Much of the Notice is dedicated to discussing administrative law and requesting Administrative Procedure Act review. ECF No. 1 at 4-8. The Notice is also procedurally improper. It does not attach "a copy of all process, pleadings, and orders" from the state court action. 28 U.S.C. § 1455(a). Further, it was not filed within 30 days of arraignment, as required by § 1455(b)(1).

Pursuant to § 1455(b)(4), when a notice attempting to remove a criminal case is filed, the Court must examine it "promptly" and "if it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted," the Court shall then remand the action. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 (1986)).

Lack of subject matter jurisdiction may be raised by the court at any time during the proceedings. *Attorneys Trust v. Videotape Computer Prods., Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996). A federal court "ha[s] an independent obligation to address sua sponte whether [it] has subject-matter jurisdiction." *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999). It is the obligation of the district court "to be alert to jurisdictional requirements." *Grupo Dataflux v.*

3

*Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004). Without jurisdiction, the district court cannot decide the merits of a case or order any relief. *See Morongo*, 858 F.2d at 1380.

"The strong presumption against removal jurisdiction" means that "the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). That is, federal jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 932 (9th Cir. 2001). Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997); *see also California ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004). Where it appears, as it does here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall be remanded." 28 U.S.C. § 1447(c).

Here, Defendant has not shown that removal of this action to federal court is appropriate. Defendant is attempting to remove a state criminal proceeding, and her attempts to do so have been rejected on two prior occasions. Remand of this case to the Yuba County Superior Court is mandatory. *See* 28 U.S.C. § 1455(b)(4); *see also California v. Schaupp*, 2023 WL 3931747 at *5 (E.D. Cal. June 9, 2023) (finding the "notice of removal fails to satisfy the procedural or substantive requirements of 28 U.S.C. § 1455" and summarily remanding); *Richson-Bey v. California*, 2023 WL 2947373 (E.D. Cal. April 14, 2023) (summary remand under § 1455(b)(4)).

### III.    Conclusion

Accordingly, **IT IS HEREBY RECOMMENDED**:

1. That this action be remanded forthwith to the Yuba County Superior Court, pursuant to 28 U.S.C. § 1455(b)(4), for lack of subject matter jurisdiction;
2. The Clerk of this Court send a copy of this order to the clerk of the Yuba County Superior Court;
3. Defendant's motion to proceed IFP (ECF No. 2) be DENIED AS MOOT; and
4. The Clerk of this Court close this file.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen days** after being served with these findings and recommendations, either party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 28, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE